Robert L. HOUSTON, Plaintiff,

v.

UNITED STATES of America,
Defendant.

UNITED STATES of America,
Cross-Complainant,

v.

Todor AVRAM and Richard Voelzke,
Cross-Defendant.

Todor AVRAM, Cross-Complainant,

v.

Robert L. HOUSTON and First Los
Angeles Corp., a corporation,
Cross-Defendants.

No. CV–79–1543–MML.

United States District Court,
C. D. California.

April 30, 1980.

Michael Leight, Seal Beach, Cal., for plaintiff.

Andrea Sheridan Ordin, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Div., Neal O. Abreu, Asst. U. S. Atty., Los Angeles, Cal., for U.S.A.

Philbert E. Seals, Brea, Cal., for cross-defendant First Los Angeles Corp.

Michell Samuelson, Cohen, Stokke, Owen & Davis, Santa Ana, Cal., for counter-claimant and cross-defendant Richard Voelzke.

Todor Avram, in pro per.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LUCAS, District Judge.

1. Plaintiff was the general contractor for the construction of new homes to be built on land owned by First Los Angeles Corporation.

2. Plaintiff contracted with Treeline Corporation for Treeline to provide the materials and labor for the framing of some of those homes.

3. Plaintiff informed First Los Angeles Corporation on June 17, 1975 that he was opening a bank account, that the funds in that account would be drawn upon for

"Treeline Corporation's payroll checks, union benefit checks and government checks" and that plaintiff would "do everything possible" to insure that the funds were used for those purposes.

4. On June 18, 1975 plaintiff opened a bank account at the American State Bank. Checks drawn on that account had to be signed by both plaintiff and an officer of Treeline Corporation.

5. From that date, payments due Treeline from First Los Angeles were made payable to Treeline and plaintiff jointly and were deposited in the American State Bank account.

6. The purpose of that method of payment and disbursement and the American State Bank account was to give plaintiff control over funds due Treeline and Treeline's suppliers.

7. From June 18, 1975 until September 30, 1975 checks were drawn on the American State Bank account to pay, *inter alia*, the wages of Treeline's employees but no funds were drawn for the payment of Treeline's federal taxes.

8. In March, 1978, plaintiff was assessed a 100% penalty for the amount of those taxes under 26 U.S.C. § 6672.

9. Plaintiff paid the assessed tax and filed a claim for a refund. In December, 1978, the Internal Revenue Service disallowed plaintiff's claim and in April, 1979, plaintiff began this action.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over this action by virtue of 28 U.S.C. § 1346(a)(1) and venue is proper under 28 U.S.C. § 1402.

2. Because plaintiff largely controlled the flow of funds into the American State Bank account, because his signature was required to validate checks drawn on that account, and because the purpose of that account was *inter alia*, to pay federal taxes, the Court finds that plaintiff wielded significant control over what payments should be made from that account and was therefore a person responsible for the collection, truthful accounting for, and payment over of taxes for purposes of § 6672.

3. Because plaintiff controlled the payment of funds from the American State Bank account, and because funds from that account were used to pay debts of Treeline Corporation and were not used to pay federal taxes, the Court finds that plaintiff voluntarily, consciously and intentionally preferred other creditors of Treeline to the United States.

4. Because plaintiff was a person responsible for the collection, truthful accounting for and payment over of taxes and because he voluntarily, consciously and intentionally preferred other creditors to the United States, plaintiff violated the provisions of 26 U.S.C. § 6672 in that he willfully failed to collect, truthfully account for and pay over such taxes.

5. The Court finds that plaintiff had control over the funds in the American State Bank account because his signature was required on any checks drawn upon that account.

6. The Court finds that plaintiff had the right and authority to control the disbursement of funds from the American State Bank account because those funds were to be used, in part, to pay the wages of Treeline's employees and because plaintiff had agreed to do everything possible to see that those wages were paid from the funds in the account.

7. Therefore, the Court finds that plaintiff was a third party who directly paid wages and is therefore liable for the payment of Treeline's employment taxes under 26 U.S.C. § 3505(a).

8. As plaintiff is liable under § 3505(a), and as no employment taxes were paid on Treeline's behalf, plaintiff is liable for the penalty imposed under § 3505(a).

9. No genuine issue of material fact exists and defendant is entitled to judgment as a matter of law.