Clinton A. REPH, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. C84–3024.

United States District Court, N.D. Ohio, E.D.

Aug. 16, 1985.

Terry S. Shilling, Blaszak, Shilling, Coey & Bennett, Elyria, Ohio, for plaintiff.

John M. Siegel, Asst. U.S. Atty., Cleveland, Ohio and Robin L. Greenhouse, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

BELL, District Judge.

Plaintiff Clinton A. Reph filed this action for recovery of federal income taxes paid

pursuant to a penalty assessed against him for failure to file Form 941 returns for the fourth quarter of 1978 and the first two quarters of 1979. Jurisdiction is founded on 28 U.S.C. § 1346(a)(1). The United States counterclaimed against plaintiff for the total amount of the tax penalty.

Currently before the court is the United States' motion for partial summary judgment on the issues of responsibility and willfulness. Plaintiff has responded in opposition contending that there are issues of fact in dispute in this matter.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that as a matter of law, it is entitled to summary judgment. In reviewing a motion for summary judgment, a court must consider the pleadings, related documents and evidence and all reasonable inferences in a manner most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979); *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Board of Ed. Cincinnati v. Department of H.E.W.*, 532 F.2d 1070 (6th Cir.1976). The pleadings and evidence related to this motion establish the following facts.

### STATEMENT OF FACTS

1. This is a federal tax case involving the unpaid federal withholding (withheld income and social security) taxes of Reph Solar Manufacturing Corporation (Reph Solar) during the fourth quarter of 1978 and the first and second quarters of 1979.

2. Reph Solar was in the business of manufacturing solar heating equipment and small fiberglass boats for the recreation industry. Plaintiff's Answers to the United States' Interrogatories No. 1(e) (hereinafter Interrogatory No. ——).

3. On January 1, 1981, a delegate of the Secretary of the Treasury made an assessment of $30,328.24, pursuant to section 6672 of the Internal Revenue Code of 1954, against the plaintiff, Clinton A. Reph. On the same date the Secretary of the Treasury gave notice of the assessment and demand for payment to the plaintiff. On February 26, 1981, the Secretary of the Treasury assessed an additional fees cost of $5.00 against the plaintiff. Form 4340.

4. The 100-percent penalty assessment was based upon a determination by the United States that:

(a) Clinton A. Reph was a person responsible for collecting, truthfully accounting for, and paying over to the United States, federal income and FICA taxes withheld from the wages of employees of Reph Solar for the fourth quarter of 1978 and the first and second quarters of 1979.

(b) Mr. Reph's failure to collect, truthfully account for, and pay over to the United States the withheld federal income and FICA taxes was willful.

Plaintiff disputes this determination but presumably does not dispute that this was the basis upon which the government made the determination.

5. Reph Solar was incorporated in the State of Ohio on or about July, 1977. Interrogatory No. 1(a).

6. Mr. Reph was one of the original directors and shareholders of the corporation. Interrogatory Nos. 2(a) and 1(d).

7. During the periods at issue in this suit, the following were the officers of Reph Solar:

(a) President—Clinton A. Reph.

(b) Vice President—Bruce Delong and Don Church.

(c) Secretary—Tom Fog

(d) Treasurer—Edna Fog

Interrogatory No. 2(a).

8. In or about October, 1978 a management team was formed consisting of the five officers. The responsibilities of each officer are as follows:

(a) Clinton A. Reph—Sales.

(b) Bruce Delong—Production.

(c) Tom Fog—Inventory.

(d) Edna Fog—Treasurer.

(e) Don Church—Building and Grounds.

Deposition of Clinton A. Reph at 6 (hereinafter Dep. at ——).

9. From the date of incorporation until January, 1979, Clinton Reph owned 50 percent of the outstanding stock of Reph Solar. Dep. at 5.

10. The stockholders of Reph Solar and their respective ownership after January, 1979, were as follows:

(a) Clinton A. Reph—185.5 shares or 37 percent;

(b) Don Church—58.5 shares or 11.7 percent;

(c) Bruce Delong—69 shares or 13.8 percent;

(d) Tom Fog—45 shares or 9 percent;

(e) Edna Fog—27 shares or 5.5 percent;

(f) Tom Flegge—50 shares or 10 percent;

(g) Martin Heberling—22.5 shares or 4.5 percent;

(h) Joe Boncek—9 shares or 1.8 percent;

(i) Debbie King—10 shares or 2 percent; and

(j) Regan King—10 shares or 2 percent.

Interrogatory No. 1(d).

11. Two checking accounts for Reph Solar were maintained during the periods in issue at the City Bank Co. of Lorain, Ohio; a payroll account (# 072–00043–3) and a general account (# 012–02722–3). Clinton A. Reph and Carolyn Strama were the signatories on the payroll account and Mr. Reph and Edna Fog were the authorized signatories on the general account. Only one signature was required to negotiate a check on both accounts. Interrogatory No. 8(b); Dep. at 16; Exhibits 1, 2 annexed to Deposition of Clinton A. Reph (hereinafter Dep. Ex. ——).

12. Carolyn Strama was authorized by the board of directors to sign Mr. Reph's name on checks from the general account, and did in fact on numerous occasions sign Mr. Reph's name. Dep. at 16–17, 29–31; Dep.Exs. 3, 4, 9, 10.

13. Mr. Reph signed checks on the general account during the periods in issue. Dep.Exs. 5–8, 11.

14. Mr. Reph received a salary from the corporation until early 1978. Dep. at 3.

15. The corporate checkbooks were kept in a locked filing cabinet in Ms. Strama's office. Mr. Reph, Ms. Strama and Carol Kaye were the only individuals possessing keys to the filing cabinet. Dep. at 15.

16. Mr. Reph had an office on the business premises and devoted between 20 and 50 hours per week to the corporation. Dep. at 8, 22, 63; Dep.Ex. 18.

17. Mr. Reph was also employed by Atlas Insulation during the periods in issue. This company leased a portion of Reph Solar's building for office space. Dep. at 9, 10, and 17.

18. Mr. Reph interviewed for hire the bookkeeper, Carolyn Strama, and the plant manager, Ted Allen. Dep. at 12. After Ted Allen was hired, he was in charge of hiring and firing employees. Dep. at 12. Deposition of Donald Church at 11 (hereinafter Church Dep. at ——).

19. Mr. Reph contacted insurance companies to submit bids for a fire insurance policy for the corporate building. Once the bids were submitted, he took them before the management team for a decision on bid selection. Dep. at 27.

20. Mr. Reph was involved in the application for a $500,000.00 Small Business Administration loan on behalf of Reph Solar in October, 1978. Reph Solar received a loan of $300,000.00 from this source in February, 1979. Dep. at 42–43.

21. Mr. Reph reviewed financial documents prepared by the corporation's accountant. Dep. at 10.

22. In order for Reph Solar to meet its payroll, Mr. Reph on several occasions loaned the corporation enough money to cover the net payroll but did not loan the corporation the amount required to be withheld and paid over to the Internal Revenue Service. Dep. at 25–26.

23. When he made these loans Mr. Reph was aware of the duty to make timely deposits of withheld federal income and social security taxes. Dep. at 26.

24. Mr. Reph reviewed bills along with the other members of the management team to determine which creditors would

be paid during the periods in issue. Dep. at 24, 51.

25. Mr. Reph at times disagreed with decisions made by the management team concerning which creditors would be paid. Nonetheless, he signed the checks to creditors once the management team made the decision that they would be paid. Dep. at 51–52.

26. Mr. Reph was the person who was responsible for signing (and did sign) the Quarterly Employment Tax Returns (Forms 941) on behalf of Reph Solar. Dep. at 46 and Dep.Exs. 13, 14.

27. Mr. Reph first became aware of the tax liability on March 26, 1979. Dep. at 56.

28. Notwithstanding this knowledge, Mr. Reph, as a member of the management team, continued to direct and/or allow the payment to other corporate creditors, including the employees of Reph Solar, in preference to the United States. Dep. at 51, 52, 56, 75, 76; Church Dep. at 5, 7, 9–10. Mr. Reph, as president, presided over meetings of the management team. He had no independent authority to direct payments to creditors, however. Dep. at 76; Church Dep. at 10. He could make purchases up to $300.00 without authorization from the management team. Dep. at 73.

29. From April 1, 1979 through June 19, 1979, Reph Solar paid out more than $286,-700 to creditors other than the United States, far in excess of the amount of the withholding tax liability. Dep.Ex. 12. During this time, the Internal Revenue Service had made an assessment of the unpaid taxes for the periods ending December 31, 1978 and March 31, 1979. These assessments were made on March 26, 1979 and June 11, 1979. Exhibit A annexed to Plaintiff's Brief in Opposition to Motion for Partial Summary Judgment.

30. On January 16, 1979, Reph Solar Manufacturing Corporation paid the Internal Revenue Service $17,365.99. Dep.Ex. 5.

31. In the final counseling report prepared by the Small Business Institute at the Cleveland State University for the spring quarter of 1979, the counseling team stated that: "Clinton Reph heads the team, manages sales and also oversees the cash flow (approximately $50,000/week)." Furthermore, the counseling team concluded that Mr. Reph should "be relieved of the duty of monitoring cash flow." Dep.Ex. 20 at 1, 9. Mr. Reph attested to having read and understood the report by his signature, dated "5–19–79." Dep.Ex. 20 at 13. Mr. Reph believes he was monitoring the cash flow only in conjunction with the management team. Dep. at 70.

### POSITION OF THE PARTIES

In its motion, the United States contends that there are no material issues of fact in dispute as to Mr. Reph's responsibility to pay the tax assessment and that he willfully failed to collect and turn over the federal income and social security taxes due and owing from Reph Solar. Additionally, the evidence attached to the United States' motion is argued to establish Mr. Reph's liability as a matter of law under 26 U.S.C. section 6672 in that he has failed to raise a material issue of fact as to a valid defense. Numerous cases are cited to this court where it has been held that summary judgment in favor of the United States is appropriate when there are no such material issues of fact as to a taxpayer's liability. *Barnett v. United States*, 594 F.2d 219 (9th Cir.1979); *Teel v. United States*, 529 F.2d 903 (9th Cir.1976); *Howard v. United States*, 83–2 U.S.T.C., ¶ 9528 (5th Cir.1983); *Mazo v. United States*, 591 F.2d 1151 (5th Cir.1979); *High v. United States*, 506 F.2d 755 (5th Cir.1975); *Wyner v. United States*, 50 A.F.T.R.2d 82–5031 (E.D.Mich. 1982); *United States v. Fago*, 81–1 U.S. T.C., ¶ 9275 (W.D.N.Y.1981); *United States Fidelity and Guaranty Co. v. United States*, 81–1 U.S.T.C., ¶ 9104 (N.D.Ala. 1980); *Houston v. United States*, 492 F.Supp. 574 (C.D.Cal.1980); *Rabedeaux v. United States*, 80–1 U.S.T.C., ¶ 9334 (S.D. Iowa 1980); *Dradi v. United States*, 77–2 U.S.T.C., ¶ 9729 (C.D.Cal.1977); *Lonergan v. United States*, 76–1 U.S.T.C., ¶ 9176 (W.D.Wash.1975).

Plaintiff disputes that he is a responsible person for the payment of the assessment based on the position advanced by the Internal Revenue Service's own Internal Memorandum No. 56–46, which provides that the assertion against responsible officers is to be made only when it is determined that the taxes involved cannot be collected from the corporation itself. *McCarty v. United States*, 437 F.2d 961, 194 Ct.Cl. 42 (1971). Plaintiff asserts the defense to the tax assessment that the Internal Revenue Service abused its discretion in failing to collect the unpaid federal income and social security taxes from Reph Solar itself.

Plaintiff further contends that there remain material issues of fact as to his responsibility for payment of the tax assessment. Specifically, he claims that the extent of his control over financial matters is disputed.

## STATEMENT OF THE LAW

Pursuant to the Internal Revenue Code of 1954, an employer is required to withhold federal income and social security taxes from the wages of his employees. 26 U.S.C. §§ 1302(a), 3402(a). The taxes so withheld "shall be held to be a special fund in trust for the United States." 26 U.S.C. § 7501; *Slodov v. United States*, 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978).

Every quarter, the employer is required to file a Form 941, the Employer's Quarterly Tax Return, reporting the amount of income and social security tax withheld during the period. A Federal Tax Deposit Form must be filed with the remittance of the withholding taxes the month following the close of each quarter. *See* Treas.Regs. §§ 31.6011(a)–1(a)(1), 31.6011(a)–4, 31–607(a)–1, 31–6302(c)–1, 31.6151–1(a), 26 C.F.R. §§ 31.6011(A)(a)(1), 31–6011(a)–4, 31–6071(a)–1, 31.6302(c)–1, 31.615–1(a) (1983).

■ Once net wages are paid to an employee, he is credited with the withheld taxes regardless of whether his employer pays the government at the end of the quarter. *Slodov v. United States*, 436 U.S. at 243, 98 S.Ct. at 1783. The Internal Revenue Service's recourse for unpaid taxes is then possible only against the employer. *Id.* It follows that an employer who fails to pay taxes withheld is liable for the taxes which should have been paid pursuant to the Internal Revenue Code. 26 U.S.C. §§ 3102(b) and 3404.

■ Pursuant to section 6672 of the Internal Revenue Code, the responsibility for paying the withheld taxes is shifted from the corporation to the person responsible for nonpayment. 26 U.S.C. § 6672. An officer or employee who is under a duty to pay the withheld taxes and fails to do so, is liable for the full amount not paid over. *Monday v. United States*, 421 F.2d 1210 (7th Cir.1970); *Braden v. United States*, 318 F.Supp. 1189 (S.D.Ohio 1970), *aff'd*, 442 F.2d 342 (6th Cir.1971), *cert. denied*, 404 U.S. 912, 92 S.Ct. 229, 30 L.Ed.2d 185 (1971). Section 6672 provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

■ Section 6672 liability attaches upon a showing of two factors: (1) that the subject was a responsible person for the collection, truthful accounting and paying over of the employment taxes; and (2) that the subject willfully failed to pay over the trust funds. *Monday v. United States*, 421 F.2d 1210 (7th Cir.1970). More than one person may be liable as a person responsible for the payment of withholding taxes; existence of this liability as to one person does not affect the liability of another person having the same duty in relation to the withheld taxes. *Id.* The liability imposed if more than one person is

found to be a responsible person under section 6672 is joint and several liability for the entire amount which was not paid. The United States is entitled to collect the non-remitted taxes only once, however. *Brown v. United States*, 591 F.2d 1136 (5th Cir. 1979); *Spivak v. United States*, 370 F.2d 612 (2d Cir.1967).

■■■ The Internal Revenue Service need not attempt collections of the tax assessment from the corporate employer before asserting the personal liability of a responsible person. *Bernardi v. United States*, 74–1 U.S.T.C., ¶ 83, 216 (N.D.Ill. 1973), *aff'd*, 507 F.2d 682 (7th Cir.1974). In addition, as the liability of the employer is separate and distinct from that of the responsible person, the United States' lack of due diligence against the employer would not relieve the responsible person's liability. *Id.*

Plaintiff and counterclaim defendant in this case claims that he is not a responsible person under section 6672 for the collection of the taxes which were not paid. Among the criteria used by courts in determining whether individuals were responsible persons for paying withheld employment taxes are:

(1) The duties of the officer is outlined by the corporate by-laws.

(2) The ability of the individual to sign checks of the corporation.

(3) The identity of the officers, directors and shareholders of the corporation.

(4) The identity of the individuals who hired and fired employees.

(5) The identity of the individuals who were in control of the financial affairs of the corporation.

*Braden v. United States*, 318 F.Supp. at 1194 (citation omitted). Moreover, "[l]iability is not limited to those employees performing merely mechanical functions of collection and payment, ... but extends to all with responsibility and authority to avoid the default which constitutes a violation of the statute." *Harrington v. United States*, 504 F.2d 1306, 1312 (1st Cir. 1974).

■■■ Before section 6672 liability attaches, it must also be shown that the responsible person acted willfully in failing to exercise their responsibility. It is not necessary to show a bad or criminal motive in this regard. To satisfy this requirement, it must only be shown that the responsible person made a conscious and deliberate choice to pay other creditors instead of paying the government. *Newsome v. United States*, 431 F.2d 742, 747 (5th Cir.1970); *Monday v. United States*, 421 F.2d at 1216. "A responsible person's use of funds, or his knowledge of the use of funds for payments to other creditors after he is aware of the failure to pay the withholding tax, is willful conduct within the scope of section 6672." *Garsky v. United States*, 600 F.2d 86, 91 (7th Cir.1979).

## RESOLUTION OF THE MOTION

■■■ Based upon this legal framework, the court finds that there is no material issue of fact in dispute as to Mr. Reph's liability as a person responsible for the taxes of Reph Solar and that his conduct in failing to pay the taxes was willful. Even assuming that all final decisions as to disbursements were made by the management team, Mr. Reph was a part of that team and is individually liable under section 6672 even if there are others who may be also liable. *Spivak v. United States*, 370 F.2d at 615. Further, he was a person who had the responsibility and authority to avoid the default and, as such, is liable. *Harrington v. United States*, 504 F.2d at 1312.

It is undisputed that Mr. Reph exercised significant control over financial and other corporate business. He was an original director and major shareholder of the company. Statements of Fact 6, 10. He was the president, and, as such, presided over the meetings of the management team. Statements of Fact 7, 28. Mr. Reph had access to and signature authority on both corporate checking accounts. Statements of Fact 11, 15. He had an office in the building and devoted a significant amount of time to corporate affairs. Statement of Fact 16. He interviewed potential employees and initiated negotiations for an insur-

ance policy and loan on behalf of the corporation. Statements of Fact 18, 19, 20. He reviewed the corporations financial documents. Statement of Fact 21. As part of the management team, he reviewed the bills of the corporation and made decisions as to payment to creditors. Statement of Fact 24. Mr. Reph was the person responsible for signing the Quarterly Employment Tax Returns on behalf of Reph Solar. Statement of Fact 26. On the basis of these undisputed facts, the court concludes that Mr. Reph is clearly a responsible person under section 6672 under the *Braden* criteria.

■ The court must also conclude that there is no material issue of fact as to the willfulness of his failure to pay the taxes on behalf of Reph Solar. He was aware that the taxes were unpaid as of March, 1979. Statement of Fact 17. He thereafter continued to participate in decisions to pay creditors in preference to the United States. Statements of Fact 28, 29. Further, Mr. Reph made loans to the corporation for only the net amount of employee wages while fully aware of the duty to make timely deposits of withheld federal income and social security taxes. Statement of Fact 23. The court finds that there is no material issue of fact as to the issue and that this constitutes willful conduct under section 6672. *Garsky v. United States*, 600 F.2d at 91.

■ The remaining issue is whether the failure of the United States to pursue collection of the tax from the corporate employer before the individual responsible person pursuant to its policy as contained in Internal Revenue Service Internal Memorandum No. 56–46 was an abuse of discretion which bars collection of the tax from Mr. Reph. Mr. Reph cites *McCarty v. United States*, 437 F.2d 961, 973, 194 Ct.Cl. 42 (1971) for the proposition that the Internal Revenue Service has a duty to attempt collection of the tax from the corporation when assets are available before asserting the penalty against the individuals. While the Court of Claims did so find in *McCarty*, the law as this court understands it is that any failure of the United States to use due diligence in collection efforts against the employer does not relieve a responsible person from his liability as each liability is separate and distinct. *Datlof v. United States*, 370 F.2d 655, 656 (3d Cir.1966); *Bernardi v. United States*, 74–1 U.S.T.C., ¶ 83, 216 (N.D.Ill.1973); *In re Gregory Mobile Homes*, 347 F.Supp. 528, 532 (M.D.Ga. 1972). These rulings are not inconsistent with the rulings in *Spivak v. United States*, 370 F.2d at 615, and *Monday v. United States*, 421 F.2d at 1217–18, as plaintiff suggests.

Furthermore, the Sixth Circuit Court of Appeals has ruled that guidelines adopted solely for the internal administration of the Internal Revenue Service rather than for protection of the taxpayer, do not confer any rights upon the taxpayer. *United States v. Will*, 671 F.2d 963, 967 (6th Cir. 1982) (citing *United States v. Arthur Andersen & Co.*, 598 F.2d 610 (2d Cir.1979)); *Cleveland Trust Co. v. United States*, 421 F.2d 475, 481–82 (6th Cir.1970). Examination of Internal Memorandum No. 56–46 indicates that it contains an administrative policy only and, as such, confers no right at all upon Mr. Reph.

Accordingly, it is the order of the court that the United States' motion for partial summary judgment on the issues of responsibility and willfulness is granted.

IT IS SO ORDERED.