FIRST FEDERAL SAVINGS AND
LOAN ASSOCIATION OF
PITTSBURGH, Plaintiff,

v.

Melvin GOLDMAN and Mildred Gold-
man, and the United States of America
Internal Revenue Service, Defendants.

Civ. A. No. 85–1531.

United States District Court,
W.D. Pennsylvania.

July 29, 1986.

Frederick J. Francis, Meyer, Unkovic &
Scott, Pittsburgh, Pa., for plaintiff.

Stanley W. Greenfield, Pittsburgh, Pa.,
for Goldman.

Michael J. Kearns, Trial Atty., Tax Div.,
U.S. Dept. of Justice, Washington, D.C.
Amy Reynolds Hay, Asst. U.S. Atty., for
U.S.

## MEMORANDUM OPINION

DIAMOND, District Judge.

By this interpleader action, the court is
called upon to determine whether the
government is authorized to levy certain
Individual Retirement Accounts of Melvin
and Mildred Goldman (hereafter, Gold-
mans) which were deposited with the First
Federal Savings and Loan Association of
Pittsburgh (hereafter, First Federal).
Presently before the court is the motion for
summary judgment filed on behalf of the
government. For the reasons set forth
below, the motion will be granted.

Because of the Goldmans' extensive tax
liabilities, the Internal Revenue Service
(hereafter, IRS) served on First Federal a
notice of levy pursuant to 26 U.S.C. § 6331,
to collect the monies in certain Individual
Retirement Accounts (hereafter, IRAs) of
the Goldmans. The Goldmans challenged
the authority of the government to levy

such accounts. Because the government and the Goldmans made inconsistent claims to the accounts, First Federal filed this action.[1]

Section 6331 authorizes the government to levy upon a delinquent taxpayer's assets if the taxpayer refuses or neglects to pay the amount owed within ten days after notice and demand. 26 U.S.C. § 6331. This levy relates to all property except such property as is exempt under 26 U.S.C. § 6334. Section 6334(c) provides: "Notwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." Subsection (a) does not specify IRAs as property exempt from levy.

The Goldmans contend that their IRAs are not subject to levy because the government failed to comply with certain provisions of the Internal Revenue Manual (hereafter, IRM). More specifically, the Goldmans point to sections 536(14).1 and 536(14).5 of the Administrative Section of the IRM. Section 536(14).5(1) provides: ". . . IRA plans are not exempt from levy. However, because the plans are established for the taxpayer's future welfare, they will not be levied upon except when the taxpayer flagrantly disregards requests for payment." Similarly, IRM § 536(14).1(1) concludes that levy should be made on these types of income only in flagrant and aggravated cases. That same section identifies several factors considered in determining whether a levy on an account such as an IRA should be made. These factors include:

(a) the amount of liability;

(b) the amount which may be obtained by service of a single notice of levy;

(c) the possibility of collection from sources other than benefit income; and,

(d) whether the taxpayer is relying upon this source of income as the chief means of support, and if so, whether

deprivation of the amount would cause hardship.

Section 536(14).5(2) provides that when serving a notice of levy that will attach to an IRA, the form should be initialed where this is so indicated. The Goldmans argue that the aforementioned regulations are binding upon the government and that their IRAs could not be seized because there is no evidence of flagrant, aggravating, or bad faith conduct. The Goldmans further argue that the notice of levy is invalid because the form was not initialed as is required by § 536(14).5(2) of the IRM.

In response, the government initially argues that the IRM is an internal handbook and that the instructions and guidelines contained therein are not mandatory and do not convey upon the taxpayer any substantive rights. In the alternative, the government argues that even if the guidelines in the IRM are found to be binding on the IRS, the facts and circumstances in this case warrant a conclusion that the levy was proper. Because we find that the government's first contention is dispositive, we will not address its alternative argument.

■ Generally, a regulation or procedure is binding upon an agency when it has the force and effect of law. *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1962). A regulation has the force and effect of law when it is promulgated by an agency pursuant to a mandate or delegation of authority by Congress and involves individual rights or obligations. *Chrysler Corp. v. Brown*, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979). Conversely, interpretive rules, general statements of policy, or rules of agency organization, procedure or practice are not binding upon the agency. *Chrysler, supra.* The courts also have recognized a distinction between mandatory procedures, which are binding upon the agency, and directory procedures, which have no binding effect upon the agency. *See, e.g., Reph v. United States*, 615 F.Supp. 1236 (N.D.

---

**1.** Since the filing of this suit, the court has dismissed First Federal after it deposited with the court the monies in the IRAs.

Ohio 1985); *Luhring v. Glotzbach,* 304 F.2d 560 (4th Cir.1962).

The procedures set forth in the IRM do not have the effect of a rule of law and, therefore, are not binding upon the IRS. The manual is not promulgated pursuant to any mandate or delegation of authority by Congress. Even if the manual was promulgated pursuant to a Congressional mandate or delegation of authority, the provisions applicable to this case are procedural in nature and do not convey upon the taxpayer any substantive right or obligation. Moreover, the provisions in the IRM are directory rather than mandatory. *See, e.g., Reph, supra* (and cases cited therein).

We conclude that the pertinent procedures of the IRM are not binding upon the IRS and convey no rights to taxpayers. Therefore, the Goldmans cannot challenge any alleged noncompliance with these procedures, and the levy of the IRAs, authorized by § 6331, was lawful. Accordingly, the motion of the government for summary judgment is granted.