CLARENCE ARMSTRONG, JR. AND DOROTHY L. ARMSTRONG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Armstrong v. Commissioner
Docket No. 30480-83
United States Tax Court
T.C. Memo 1990-191; 1990 Tax Ct. Memo LEXIS 209; 59 T.C.M. (CCH) 405; T.C.M. (RIA) 90191; April 11, 1990
John Harrison Wegge, for the petitioners. Ross Paulson, Monica Melgarejo, and John Kent, for the respondent. PANUTHOS
MEMORANDUM FINDINGS *210 OF FACT AND OPINION PANUTHOS, Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. [1] Since there is no question that the petition was not timely filed, the issue for decision is whether respondent mailed the notice of deficiency to petitioners' "last known address." FINDINGS OF FACT Respondent issued a notice of deficiency dated April 12, 1982, determining deficiencies for the taxable years 1978 and 1979 in the amounts of $ 2,684 and $ 2,185, respectively. Respondent further determined an addition to tax for the taxable year 1978 under section 6651(a)(1) in the amount of $ 116.10. The notice of deficiency was mailed to petitioners at 126 West 56th Street, Los Angeles, California 90037 (hereinafter the 56th Street address) , by certified mail on April 12, 1982. A petition was filed with the Court on October 27, 1983, which date is approximately 18 months after the *211 issuance of the notice of deficiency. The 90-day period for timely filing a petition with the Court expired on July 11, 1982. The Federal income tax return for the taxable year 1978 was filed with the Internal Revenue Service (hereinafter IRS) Service Center in Philadelphia on or about June 20, 1979. The return reflects an address of "c/o Berg & Allen, P.O. Box 2000, Beverly Hills, California 90213" (hereinafter the Berg & Allen address). A power of attorney attached to that return (Form 2848) identifies petitioners and their address as 3628 Homeland Drive, Los Angeles, California 90008 (hereinafter the Homeland Drive address). The Form 2848 was signed by petitioners on April 6, 1979, and reflects Charles Maxwell Berg (hereinafter Berg) or Ronald Allen as the appointed attorneys in fact. The Berg & Allen address is reflected as the address of the attorneys in fact. The Forms W-2 attached to the 1978 return reflect the 56th Street address. The 1979 Federal income tax return was filed with the IRS Fresno Service Center on or about April 24, 1980. The address shown on that return is the Berg & Allen address. A Form W-2 attached to that return reflects the 56th Street address. *212 While the record is not entirely clear, the parties agree that a power of attorney was probably attached to that return. Petitioners' address reflected on the power of attorney was the Homeland Drive address. The return address on the envelope in which the return was mailed reflected the Homeland Drive address. On May 30, 1980, petitioners' refund check for the taxable year 1979 was sent to the Berg & Allen address. During the years 1978, 1979, and 1980, the law firm of Berg & Allen (sometimes hereinafter the Firm) prepared hundreds of tax returns. Many of the returns prepared claimed deductions and credits from investments in master recording partnerships. The partnership interests were promoted by the Firm to its clients. [2] The IRS had Berg under investigation for a number of years in the 1970's and early 1980's. The IRS also commenced an examination of the partnership and individual returns for 1978, 1979, and 1980, prepared by the Firm. When Berg proved to be uncooperative in responding to letters from the IRS seeking information, the IRS on February 1, 1980, wrote to Berg advising him that he was in violation of section 10.20 and 10.23 of Circular 230, 31 C.F.R. secs. 10.20 *213 and 10.23. The letter further advised that the IRS would bypass Berg and deal directly with the taxpayers. The IRS advised that they would continue to send Berg copies of notices relating to future appointments. Attorney John Wegge (Wegge) began working for the Firm in February 1981. Within a few months he filed powers of attorney with respect to all or most of the tax clients having matters pending with the IRS. The powers of attorney reflected Wegge's name on behalf of the Firm. While the original bypass letter was addressed to Berg, the IRS extended the bypass in 1981 generally to attorneys working for the Firm. The IRS did not issue a letter to the Firm advising of this action; however, attorneys, including Wegge, became aware of the IRS action. The IRS continued to send courtesy copies of notices to the Firm despite the bypass. Wegge disagreed with the IRS bypass action and ultimately brought suit against the IRS and some of its employees alleging that he was improperly bypassed. The District Court concluded that Wegge did not show that *214 the bypass procedure directly deprived him of liberty or property rights within the meaning of the Fifth Amendment, and that thus Wegge failed to establish any violation of his Fifth Amendment rights. [3]
On June 1, 1981, respondent sent a letter to petitioners at the 56th Street address. The letter advised petitioners of an examination of the 1979 return. The record does not reveal whether petitioners received the letter. A copy of the letter was sent to the Firm. Wegge wrote back to the IRS. Attached to the letter was a power of attorney signed by petitioners on June 25, 1981. Wegge was designated as attorney-in-fact. The Firm's name and address is listed below Wegge's name. The 56th Street address is shown as petitioners' address on the power of attorney. On August 31, 1981, the Firm went out of business. The IRS learned of this late in 1981. Upon learning that the Firm was out of business, the IRS discontinued sending courtesy copies to the Firm. After the Firm ceased doing business, Wegge continued to represent many of the former Berg & Allen tax *215 clients. Wegge moved his office and commenced a new law practice. In the fall of 1981, the IRS stopped sending courtesy copies of notices to Wegge having learned that he left the Firm. [4]Wegge was advised by the IRS that, if he wanted to represent any of the former Berg & Allen clients before the IRS, he should submit new powers of attorney since the existing powers were no longer valid based on the demise of Berg & Allen. On July 27, 1981, respondent sent a letter with an attached Form 870 to petitioners at the 56th Street address. On August 31, 1981, respondent sent petitioners a letter (30-day letter) to the 56th Street address. Attached to the letter was respondent's examination report. The August 31, 1981, letter and report refers to the 1978 year. On November 17, 1981, respondent sent an appointment letter to petitioners at the 56th Street address with respect to the 1978 and 1979 years. The record does not reveal whether petitioners received these letters. In January 1982, Wegge had a meeting with an IRS agent concerning his representation of former Berg & Allen clients. *216 Wegge was advised of the need to submit new powers of attorney with respect to all the Berg & Allen clients. Wegge advised the IRS agent that notices to be issued to petitioners should be sent to him at the address of his new office in Glendale. With respect to many of the former Berg & Allen tax clients, Wegge submitted new powers of attorney; however, he did not submit a new power of attorney with respect to petitioners. On April 12, 1982, a notice of deficiency with respect to the 1978 and 1979 tax years was sent to petitioners at the 56th Street address. An attachment to the notice of deficiency reflects that there was "no representative on file." No copies of the statutory notice of deficiency were sent to the Berg & Allen address or to Wegge at his new address. Respondent's records do not reflect that any notices sent to petitioners with respect to the years in issue were returned as undeliverable. While it is standard practice for the IRS to associate returned mail with its administrative file, there is no such returned mail in the IRS' administrative files with respect to the years in issue. Wegge asserts that petitioners did not receive the notice of deficiency. *217 The record is not entirely clear as to when petitioners moved. In petitioners' objection to respondent's motion to dismiss, Wegge alleged that petitioners moved to the Homeland Drive address before April 6, 1979. At the hearing Wegge stated that petitioners moved "sometime in 1979, or early 1980." Petitioners' 1980 and 1981 Federal income tax returns were filed on May 31, 1983, at the Fresno Service Center. These returns reflect the Homeland Drive address. OPINION Petitioners argue that the notice of deficiency was not sent to their last known address and that they did not receive the notice or a copy thereof until after the 90-day period for timely filing a petition expired. Petitioners further argue that respondent failed to send a copy of the notice of deficiency to Wegge. Respondent argues that he sent the notice of deficiency to petitioners' last known address as reflected on the Forms W-2 attached to the 1979 return and as reflected on the power of attorney filed June 25, 1981. Neither section 6212 nor the regulations thereunder define a taxpayer's "last known address." Generally, *218 a "taxpayer's last known address " is the address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. Monge v. Commissioner, 93 T.C. 22, 28 (1989); Ward v. Commissioner, 92 T.C. 949, 955 (1989), on appeal (5th Cir., July 24, 1989). In general, that address will be the address reflected on the taxpayer's most recently filed return, absent clear and concise notification of a different address. Ward v. Commissioner, supra at 955; Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). Once respondent becomes aware of an address other than the one on a taxpayer's return, respondent must exercise reasonable care and due diligence in ascertaining the correct address. Pyo v. Commissioner, 83 T.C. 626 (1984). Whether respondent has done so is a question of fact. Weinroth v. Commissioner, 74 T.C. 430 (1980). Although respondent must exercise reasonable diligence in ascertaining the taxpayer's correct address, the burden necessarily falls upon the taxpayer to keep respondent informed *219 of his or her correct address. Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976); Ramirez v. Commissioner, 87 T.C. 643 (1986). As we have stated, "when a taxpayer changes his address it is he who must notify the Commissioner of such change or else accept the consequences." Alta Sierra Vista, Inc. v. Commissioner, supra at 374. The address reflected on the 1978 and 1979 returns was that of Berg & Allen. There were no subsequent returns filed prior to issuance of the notice of deficiency on April 12, 1982. We do not consider the bypass to be an issue in this case since, on the date of issuance of the notice of deficiency, neither Berg & Allen nor Wegge was a proper representative of petitioners. Berg & Allen was out of business. Wegge was engaged in a sole practice; however, he did not file a proper power of attorney. Thus, we need not reach issues of whether the bypass of Berg was proper and whether the bypass was properly extended to Wegge while he was employed by Berg & Allen. We also note that the record is inconsistent as to when petitioners *220 moved. The new address (Homeland Drive) was shown on the power of attorney attached to the 1978 return (filed June 1979). Yet the old address (56th Street) is reflected on later documents such as the Form W-2 attached to the 1979 return (filed in April 1980) and the power of attorney filed in June 1981. Petitioners did not testify at the hearing. Wegge failed to explain the inconsistencies of the addresses. In fact, Wegge was inconsistent in his assertions concerning when petitioners moved. Despite all of the above, we consider whether respondent exercised reasonable diligence in ascertaining the correct address since he was on notice that the return address was not correct. Respondent acknowledges that he no longer considered the June 1981 power of attorney to be valid since Berg & Allen was not in business and further since Wegge was no longer associated with the Firm. Thus, it seems somewhat inconsistent for respondent to use the taxpayers' address shown on the power of attorney that it otherwise considered invalid without further follow-up. While the Form W-2 attached to the 1979 return might well be a good starting point as the correct address, the IRS should have recognized *221 that the address reflected on the Form W-2 would be petitioners' address as of the end of 1979. Even to the extent that it was appropriate to rely on the power of attorney filed in June 1981, the IRS should have noted that it was filed approximately 10 months prior to issuance of the notice of deficiency. Unfortunately for petitioners, Wegge did not provide any assistance. In June 1981, he listed petitioners' address as the 56th Street address when in fact petitioners had apparently moved to the Homeland Drive address prior to that time. Also, at the January 1982 meeting, while Wegge advised the IRS to send him all communications, he did not file a new power of attorney, nor did he advise the IRS of a different address for petitioners. While Wegge was of no assistance here, we also recognize that he was not considered by the IRS as petitioners' representative after the fall of 1981. Thus, we will not attribute his failings to petitioners. The IRS has set forth the following steps to determine a taxpayer's last known address where there is an undeliverable initial contact letter: *222 (1) clerical personnel should be used to obtain the taxpayer's current address by taking the following steps: (a) Check the envelope for a Change of Address notated by the U.S. Postal Service. (b) Check all possible sources in the case file. (c) Check the telephone and/or city directory * * *. (d) Request ENMOD (Form 5587, Examination Inquiry Request) or a transcript (Form 6882, IDRS Masterfile Information Request). (e) Contact taxpayer's employer, return preparer, or third party, if known. * * * Internal Revenue Manual, section 4253.5 (Jan. 30, 1987). [5] While these instructions apply to a situation of an undeliverable contact letter, it seems reasonable that they apply to a situation where the IRS knows that the return address is incorrect. While these procedures do not have the force or effect of law, Foxman v. Renison, 625 F.2d 429, 432 (2d Cir. 1980); Einhorn v. Dewitt, 618 F.2d 347, 350 (5th Cir. 1980); First Federal Savings and Loan Assn. of Pittsburgh v. Goldman, 644 F.Supp. 101 (W.D. Pa. 1986), it is not unreasonable to presume that the steps set forth by the IRS itself would provide a somewhat helpful *223 guide to the reasonable diligence standard. The IRS did not make any inquiries as to the proper address. Had respondent followed his own instructions in searching for a new address, it seems likely that he would have discovered the Homeland Drive address. While a computer check would not have reflected an updated address, a telephone or city directory check would likely have revealed something else. Additionally, third-party contacts would likely have revealed information of a different address. The bottom line here is that there was a series of unusual circumstances of which the IRS was aware. The IRS knew that the address on the return was not a good address and further knew that the return preparer and later Wegge were not authorized representatives of petitioners. Yet respondent did nothing more to ascertain the proper address for petitioners than utilize an address from a Form W-2 attached to the 1979 return and a power of attorney it no longer considered valid. A simple solution would have been to send duplicate originals to Homeland Drive and 56th Street since both of these addresses appeared *224 in the IRS files. Respondent has not indicated that any steps were taken to locate petitioners and communicate with them after Berg & Allen and/or Wegge no longer represented petitioners. It appears that petitioners continued to rely on Wegge to their detriment. Had Wegge been petitioners' authorized representative, the IRS would have been reasonable in relying on his assertions and sending notices to him. Respondent failed to exercise due diligence in determining petitioners' correct address once he was aware that the address on the return was incorrect. Based on our findings herein, we need not discuss the issue of IRS failure to send a copy of the notice of deficiency to petitioners' representative. We note, however, that Wegge was not petitioners' representative before the IRS at the time of issuance of the notice of deficiency since he failed to file a new power of attorney. Even had he been petitioners' properly authorized representative, the failure to send him a copy of the notice of deficiency would not have invalidated an otherwise properly issued notice of deficiency. Ramirez v. Commissioner, 87 T.C. 643, 652 (1986). An order will be entered *225 denying the respondent's motion to dismiss for lack of jurisdiction and dismissing this case in favor of the petitioners. Footnotes
1. This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The test cases involving some of these issues are found at Abeson v. Commissioner, T.C. Memo. 1990-190↩.
3. Wegge v. Egger, an unreported case ( C.D. Cal. 1984, 55 AFTR2d 85↩,738, 84-2 USTC par. 9753).
4. Sometimes the IRS erroneously sent notices or copies of notices to the Firm or to Wegge.↩
5. Prior Internal Revenue Manual sections provided similar provisions.↩