**William M. BASSETT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 91-302-4-MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Jan. 23, 1992.

William M. Bassett, pro se.

Frank L. Butler, III, Macon, Ga., for U.S.

## ORDER

OWENS, Chief Judge.

William M. Bassett ("plaintiff") filed the present action on September 18, 1991, to quiet title under 28 U.S.C. § 2410(a). He alleges that the federal tax liens on his property are invalid because the Internal Revenue Service ("IRS") failed to send him a Notice and Demand letter as required by 26 U.S.C. § 6303(a).[1] Before the court is the United States of America's ("defendant") motion to dismiss for lack of subject matter jurisdiction or in the alternative for judgment on the pleadings. After careful consideration of the memoranda submitted by counsel, the relevant law, and the record as a whole, the court issues the following order.

## FACTS

■ The facts in this case are essentially undisputed. On May 21, 1990, the IRS assessed a deficiency against plaintiff for the years 1981 through 1986. 26 U.S.C. § 6203. Upon assessment, a lien on all of plaintiff's property arose in favor of the United States for the amount of the deficiency assessment. 26 U.S.C. §§ 6321, 6322.

On August 27, 1990, plaintiff wrote to the IRS Disclosure Office in Atlanta, Georgia, and requested copies of the Notice and Demand pertaining to the tax deficiencies. The Disclosure Officer responded that the Notice and Demand did not exist in hard copy. The Officer explained that the notices are computer generated and mailed to the taxpayer's address of record. He went on to explain that computer entries indicated that the Demands had been sent, and he enclosed a copy of the Certificates of Assessments and Payments showing the date the "First Notices" were mailed (May 21, 1990).

On September 14, 1990, the IRS filed a Notice of Federal Tax Lien in the Bibb County and Crawford County Courthouses. The notice of federal tax lien indicates that the date of assessment was May 21, 1990.

On November 16, 1990, plaintiff wrote the District Director requesting a release of the tax lien pursuant to 26 U.S.C. § 6325(a). In that letter, plaintiff argued that the inability of the IRS to produce a copy of the Notice and Demand letter invalidated the lien, therefore entitling him to its release.

Plaintiff filed the instant action asserting several causes of action. Plaintiff seeks injunctive relief pursuant to 28 U.S.C. § 2410(a) and damages pursuant to 26 U.S.C. § 7432. Plaintiff contends that jurisdiction for his suit exists pursuant to 28 U.S.C. §§ 1331, 1340, and 1346(a)(1), and that governmental immunity has been waived pursuant to 28 U.S.C. § 2410(a).

Defendant moved to dismiss plaintiff's complaint on the ground that this court lacks subject matter jurisdiction. In the alternative, defendant moves for judgment on the pleadings.

## DISCUSSION

■ Jurisdiction for the instant action exists under 28 U.S.C. § 1340, which states that a district court has "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." Section 1340, however, does not waive governmental immunity.

■ Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114, 121 (1976). Consent will be found only if Congress has enacted legislation specifically waiving immunity. In the absence of such a statute, the district court lacks jurisdiction over a case against the United States.

---

1. Section 6303(a) provides that as soon as practicable, and within 60 days after the making of an assessment, the IRS must give notice of the assessment and demand payment. If the tax-payer fails to pay after demand, a federal tax lien arises in favor of the United States pursuant to 26 U.S.C. § 6321.

■ Title 28 U.S.C. § 2410(a) waives governmental immunity in limited instances. That section provides, in part, that "the United States may be named a party in any civil action or suit in any district court ... *to quiet title to* ... real and personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a) (emphasis added). The Eleventh Circuit has held that taxpayers may challenge the procedural validity of a federal tax lien under § 2410. *Stoecklin v. United States*, 943 F.2d 42, 43 (11th Cir.1991). Taxpayers may not, however, attack the merits of the assessment itself. *Id.* Failure to send the Notice and Demand letter is the type of procedural defect that permits a taxpayer to assert a cause of action under § 2410(a).

### 1. Injunctive Relief

Plaintiff seeks the following injunctive relief pursuant to 28 U.S.C. § 2410(a):

(1) That the defendants be enjoined immediately and permanently from any continued administrative assessment and collection procedures for those years they have demanded a tax without issuing a statutory notice and demand; and (2) that the defendants be enjoined from any future assessments that [are] not in accordance with statutorily established IRS procedures and [will] not include the proper use and execution of forms.

■ Defendant argues that the Anti–Injunction Act, 26 U.S.C. § 7421(a), bars plaintiff's request for injunctive relief. Section 7421(a) provides that "[e]xcept as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

None of the statutory exceptions enumerated in § 7421(a) are applicable in the instant case. The Supreme Court, however, has recognized a narrow, judicial exception to § 7421(a). In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Court held that the Anti–Injunction Act would not apply if (1) under no circumstances could the government ultimately prevail and (2) equity jurisdiction otherwise exists. Plaintiff bears the burden of establishing that his case falls within this exception.

■ Plaintiff has failed to satisfy his burden in several respects. First, the Certificates of Assessments and Payments establish prima facie evidence that the IRS did issue a proper Notice and Demand letter. *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir.), *cert. denied*, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989). Plaintiff has offered nothing but his own assertion that he did not receive the Notice and Demand letter to rebut this presumption. Thus, plaintiff has not satisfied the first criterion of the *Enochs* exception.

■ Second, equitable jurisdiction does not exist because plaintiff has not established the requisite elements for equitable relief, which include irreparable injury and no adequate remedy at law. *Lovell v. United States*, 795 F.2d 976, 977 (11th Cir. 1986). There are several different ways plaintiff could have challenged the alleged procedural defect. Plaintiff could have filed a petition with the Tax Court within ninety days after the mailing of the notice of deficiency for a redetermination of his tax deficiencies. 26 U.S.C. § 6213(a). Plaintiff also could have paid the deficiency and sued for a refund in district court. 26 U.S.C. § 7422. Plaintiff did not choose either of these options. Thus, the second requirement under *Enochs* has not been satisfied.

The court finds that it is precluded from exercising jurisdiction over plaintiff's request for injunctive relief because of the Anti–Injunction Act. Accordingly, with respect to the plaintiff's request for injunctive relief, the court GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction.

### 2. Damages

Plaintiff contends that the federal tax liens on his property are unenforceable as a

matter of law and should, therefore, have been released. Because the IRS failed to release an unenforceable lien, plaintiff argues that he is entitled to damages under 26 U.S.C. § 7432. Section 7432(a) provides that if any IRS officer or employee "knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." Section 6325(a)(1) provides, in pertinent part, that the IRS shall release a lien if "the Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable."

The Certificates of Assessments and Payments are presumptive proof that proper Notice and Demand were made by defendant. The Certificates were signed by an IRS officer certifying that they are a true record of the assessments and payments for the years 1981 to 1986. The Certificates show that first notices were issued on May 21, 1990, and delinquent notices were issued on July 23, 1990. The Eleventh Circuit has held that Certificates of Assessments and Payments are presumptive proof that notice and demand were sent absent affirmative evidence to the contrary. *United States v. Chila*, 871 F.2d 1015, 1019 (11th Cir.), *cert. denied*, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989). In addition, a presumption of administrative regularity exists in favor of the United States with respect to official acts. *Parkinson v. Commissioner*, 647 F.2d 875, 876 (9th Cir.1981).

Plaintiff has offered no evidence to rebut the presumption that the IRS sent a Notice and Demand letter. The Certificates of Assessments and Payments and the Notices of Tax Liens all indicate that such a letter was in fact issued. The court, therefore, finds that a Notice and Demand letter was sent to taxpayer. The federal tax liens on plaintiff's property, therefore, remain valid.

Accordingly, let judgment be entered in favor of the United States.

SO ORDERED.