**Joseph R. PURSIFULL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C-1-91-248.**

United States District Court,
S.D. Ohio, W.D.

Aug. 5, 1993.

Joseph R. Pursifull, pro se.

Leslie M. Singer, U.S. Dept. of Justice, Tax Div., Washington, DC, James Millard Coombe, Asst. U.S. Atty., Cincinnati, OH, W. Stephen Muldrow, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

## ORDER

HERMAN J. WEBER, District Judge.

Plaintiff brings this pro se action to quiet title, alleging that defendant United States of America, through the Internal Revenue Service (IRS), failed to follow required assessment procedures for placing a federal tax levy on plaintiff's wages. This matter is before the Court upon the Report and Recommendation and Order of the United States Magistrate Judge (doc. no. 32), defendant's objection thereto (doc. no. 33), and plaintiff's motion to review (doc. no. 34). Also before the Court is United States' response to plaintiff's discovery (doc. no. 35), plaintiff's request for ruling (doc. no. 36), United States' supplement to and clarification of memorandum in support of its objection (doc. no. 37), plaintiff's motion for issuance of temporary restraining order (doc. no. 38), plaintiff's motion for injunctive relief (doc. no. 39), and United States' response to plaintiff's motion for injunctive relief and motion for issuance of a restraining order (doc. no. 40).

## I. DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

### A. Contentions of the Parties

On or about October 11, 1990, the IRS filed a Notice of Levy on Wages, Salary, and Other Income (Notice of Levy) with plaintiff's employer. Plaintiff alleges that the IRS failed to follow correct statutory procedures when conducting the assessment of his tax liability and effecting the subsequent levy. *See* 26 U.S.C. §§ 6203, 6212, 6303, 6331. Plaintiff also contends that the Final Notice and Notice of Levy were incomplete and therefore defective.

The IRS maintains that the Forms 23C (Summary Record of Assessments form) were appropriately signed and do contain all of the appropriate information when read in conjunction with related documents. The function of the Form 23C is to detail the government's calculation of an underlying tax liability. The IRS contends that it properly complied with notice and demand requirements as mandated by statute, and that the Final Notice and Notice of Levy contained all the required information.

The Magistrate Judge recommended that defendant's renewed motion for summary judgment be denied because the United States failed to meet its burden regarding the authenticity of Forms 23C. The Magistrate Judge also found that questions of material fact existed regarding the IRS' notice procedures and alleged policy not to retain actual copies of evidence of mailing notices.

### B. The United States Has Met its Burden Regarding the Authenticity of the Forms 23C.

The primary document calling into question the validity of the Forms 23C is a 1990 internal IRS memorandum. *See* doc. no. 15, exhibit 25. This document transmitted technical procedures to all service centers and district offices for control and correction of accounts related to unsigned Forms 23C. The Magistrate Judge recommended that plaintiff "be given the opportunity to cross examine the IRS representative regarding the validity of its computer records ... [especially] in view of the IRS' failure to adequately address the April Memorandum submitted by plaintiff regarding the control and correction of accounts related to *unsigned* Forms 23C." Report and Recommendation and Order, doc. no. 32 (emphasis added).

Defendant objected to the Magistrate Judge's recommendation by arguing that the 1990 IRS memorandum does not question the validity of *signed* Forms 23C, and that the Forms 23C at issue in this case are signed. *See* doc. no. 33, at 5.

■ An assessment of tax liability shall be made in accordance with the rules or regulations prescribed by the Secretary. 26 U.S.C. § 6203. The Treasury Regulations require, "The assessment shall be made by an assessment officer signing the summary record of assessment." 26 C.F.R. § 301.6203–1 (1991). The failure of an assessment officer to sign the certificate of assessment renders the assessment invalid. *See, e.g., Gentry v. United States*, 962 F.2d 555 (6th Cir.1992), *Brafman v. United States*, 384 F.2d 863, 865 (1967). The recordation of an assessment is to be accomplished through machine or computer operations, but the actual and final assess-

ment step, that step which establishes a prima facie case of taxpayer liability, can be taken only with the approval of a responsible officer of the Internal Revenue Service. *Id.* An assessment is not automatic upon recordation; it requires the action of an assessment officer. *Id.* Thus, the signature of the assessment officer is critical to making a valid assessment of tax liability.

The purpose of the internal 1990 IRS memorandum was to address the concern that during the transition period when the IRS was switching over to a fully automated assessment procedure, a computer generated assessment could be rendered invalid simply because it lacked the requisite signature of an assessment officer. Thus, the 1990 memorandum questioning the validity of IRS assessments relates solely to unsigned Forms 23C.

The Forms 23C detailing plaintiff's tax liability in this case, however, are signed. Two Forms 23C are on file, one of which was attached to plaintiff's amended statement of facts. *See* doc. no. 15, exhibit 27; doc. no. 28, exhibit McBerty 1(c). Both of these Forms 23C are signed. The Magistrate Judge also refers to these documents as "the signed Forms 23C in this case". See doc. no. 32 at 5. The signing of plaintiff's assessment forms relieves the concern that a flaw in the computerized operation of the IRS could have jeopardized the validity of plaintiff's assessment. Thus, since the Forms 23C in this case are signed, the Court finds that defendant's objection is well taken, and that there can be no reasonable dispute that the IRS' assessment of plaintiff's tax liability was anything but valid.

## C. There are No Questions of Material Fact Regarding the Various Notices Sent to Plaintiff.

Despite recognizing that the IRS enjoys a presumption of official regularity, the Magistrate Judge found that questions of material fact regarding notice precluded granting summary judgment. The Magistrate Judge found that the presumption did not apply in this case because plaintiff was in the difficult position of proving a negative, i.e. that a notice was not sent, and since the IRS did not comply with all other requirements of the

statutory scheme by failing to retain hard copies of notices sent or other evidence of mailing notices. The Magistrate Judge recommended that a hearing be held to determine (1) whether the IRS has a written policy allowing it not to retain copies of notices sent to taxpayers; (2) whether such a policy, if it exists, would be appropriate under the statute and regulations; (3) whether the Notice of Levy sent to plaintiff's employer was complete; (4) whether the Final Notice was accompanied by Publication 586, and (5) to determine which notices were sent to and received by plaintiff.

Defendant objects to all of the Magistrate Judge's recommendations, stating that the IRS complied with tax collection and notice procedures as required by statute. Defendant alleges that when viewed as a whole, the Forms 23C and 4340 (Certificates of Assessments and Payments), in conjunction with the declarations of IRS employees Carolyn McBerty and Tim Casey (doc. no. 28) and supporting computer transcripts, are sufficient to demonstrate compliance with statutory notice requirements.

Upon de novo review of the record, the Court finds that defendant's objections are well taken. Despite later statements to the contrary, *see* Plaintiff's Motion to Review (doc. no. 34), plaintiff has asserted that "he is not challenging his underlying tax liability, but rather the United States did not follow correct procedures when they placed a lien/levy on his property." *See* Complaint (doc. no. 1). Thus, the issue for this Court is whether or not the IRS complied with proper procedures when effecting a levy of plaintiff's wages.

## 1. It is undisputed that plaintiff was entitled to notice of the IRS' summary collection procedure.

The sending of notice is generally not necessary to the validity of an assessment, although it is with a deficiency. A signature is not necessary for the validity of the latter, as the notice is the important element. *Brafman* at 865, n. 4.

While the failure to provide notice to the taxpayer does not bar a civil action to

collect taxes, the government must provide notice of assessment and the demand for payment where, as in this case, the IRS proceeds under a summary administrative collection procedure. *See, e.g., United States v. Berman,* 825 F.2d 1053, 1060 (6th Cir. 1987). The reason for this distinction is that unlike a summary collection procedure, the filing of a civil complaint provides notice and gives the taxpayer sufficient time to consider and pay any tax that may be due before judgment can be taken and enforced against him. *Id.* at 1059. Thus, there is no question that the plaintiff in this case was entitled to notice of the IRS' assessment of his tax liability and of the levy of his wages.

## 2. The United States did not fail to present evidence of mailing notice despite the failure to produce hard copies of notice.

■ Defendant has submitted the declaration of Tim Casey as proof that the IRS sent notices of assessment and demands for payment to plaintiff on four different occasions in accordance with 26 U.S.C. § 6303(a). Absent evidence to the contrary, certificates of assessments and payments are presumptive proof that notice and demand were sent to the taxpayer. *Bassett v. United States of America,* 782 F.Supp. 113, 117 (M.D.Ga. 1992). This presumption is not rebutted by a subsequent failure of the IRS to present a copy of the notice and demand letter because the notices are computer generated and do not exist in hard copy. *Id.*

In the case at bar, plaintiff has not alleged in the complaint or stated in an affidavit that he failed to receive notice of his tax liability or its assessment as mandated by statute. In order to defeat a properly supported motion for summary judgment and the presumption of official regularity, the plaintiff must present affirmative evidence. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir.1989). The mere existence of a scintilla of evidence in support of the plaintiff's position will not be sufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

In light of the ample circumstantial evidence presented by defendant attesting to the mailing of notice, *see* Casey Declaration (doc. no. 28), and in the absence of affirmative evidence of lack of notice, this Court holds that plaintiff has failed to raise a genuine issue of material fact regarding the sending of notice by the IRS.

## 3. It is immaterial whether or not plaintiff received notice in light of evidence proving notice was mailed by defendant.

■ After the making of an assessment of a tax, notice of such an assessment shall be left at the dwelling or usual place of business of the taxpayer, or shall be *sent by mail* to the taxpayer's last known address. 26 U.S.C. § 6303(a). The Secretary is authorized to send notice of a deficiency to the taxpayer by certified or registered mail. 26 U.S.C. § 6212(a). No levy or proceeding in court for tax collection shall be made, begun or prosecuted until such notice has been *mailed* to the taxpayer. 26 U.S.C. § 6213(a). The notice of levy is valid even if not received by the taxpayer, if it is mailed to the taxpayer's last known address. *See, e.g., United States v. Zolla,* 724 F.2d 808, 810 (9th Cir. 1984).

The statutory requirements regarding notice require only that the IRS mail notice to the taxpayer; there is no requirement that the taxpayer actually receive notice. Thus, defendant's objection to the Magistrate Judge's recommendation that whether or not plaintiff received notice is a question of material fact is well taken.

## 4. There is no question of fact as to the completeness of the notices sent by defendant.

Plaintiff alleges that the Final Notice and Notice of Levy he received were incomplete. Thus, plaintiff is not contesting that he received these notices, but rather, is contending that these notices were deficient and failed to contain the information required by statute. *See* 26 U.S.C. § 6331(d).

■ Once a valid assessment has been conducted, the government enjoys a presumption of official regularity when implementing a summary collection procedure.

*United States v. Ahrens,* 530 F.2d 781, 785 (8th Cir.1976). In the absence of evidence to the contrary, this Court presumes that the public officers of the IRS properly discharged their official duties, *id.,* and finds that the procedures of the IRS are reasonably designed to mail notice and guard against the failure to give notice.

### D. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

As to plaintiff's contentions in his motion to review (doc. no. 34), the Court finds that they have either been adequately addressed and properly dispose of by the Magistrate Judge or present no particularized arguments that warrant specific responses by this Court. Plaintiff's objections regarding the scope of discovery are not pertinent to the merits of the case, and are not relevant when considering motions for summary judgment. The Court finds that the Magistrate Judge accurately set forth the controlling principles of law and properly applied them to the particular facts of plaintiff's case.

Accordingly, the Court **MODIFIES** the Magistrate Judge's recommendation that the summary judgment motions presented by both parties be denied, and hereby **GRANTS** summary judgment in defendant's favor. Given that defendant is entitled to summary judgment as a matter of law, plaintiff's motion for summary judgment does not warrant further consideration.

### II. PLAINTIFF'S MOTION FOR SANCTIONS AND SUBPOENA DUCES TECUM, AND PLAINTIFF'S RENEWED MOTION FOR SANCTIONS AND SUBPOENA DUCES TECUM

Plaintiff filed a motion for sanctions and subpoena duces tecum due to the United States' alleged failure to respond to plaintiff's interrogatories (doc. no. 25). The Magistrate Judge denied the motion since the United States did respond to plaintiff's interrogatories, and also denied the subpoena since such a request is procedurally incorrect.

Plaintiff filed a renewed motion for sanctions and subpoena duces tecum, alleging that defendant failed to fully and completely answer plaintiff's interrogatories (doc. no. 27). The Magistrate Judge correctly treated this motion as a motion to compel, *see* Fed. R.Civ.P. 37, and partially granted plaintiff's request for discovery by ordering the defendant to supply discovery regarding certain enumerated issues. The remainder of plaintiff's discovery requests were deemed irrelevant by the Magistrate Judge.

The government has not objected to the Magistrate Judge's treatment of plaintiff's renewed motion for sanctions as a motion to compel, and further, has complied with plaintiff's discovery requests as ordered by the Magistrate Judge. *See* doc. no. 35. Plaintiff's remaining discovery requests are irrelevant for the purposes of a summary judgment motion.

### III. PLAINTIFF'S REQUEST FOR RULING

Plaintiff requests a ruling to strike the objections of the United States to the Report and Recommendation of the Magistrate Judge (doc. no. 36), alleging that the signature on defendant's objection is defective. All papers filed by the United States in this case are authorized by the United States attorney for the Southern District of Ohio, and are his/her responsibility for the purposes of the local rules. The Court finds that defendant's objections were authorized by the United States Attorney, Barbara L. Beran, and therefore **DENIES** plaintiff's request for a ruling to strike defendant's objections.

### IV. PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Plaintiff seeks a temporary injunction and injunctive relief preventing defendant from seeking to enforce the levy against plaintiff's employer (doc. nos. 38, 39). The Court finds that since defendant is entitled to summary judgment in its favor, plaintiff's motions for injunctive relief are moot.

## ORDER

The Court hereby orders that plaintiff's motion to review (doc. no. 34) be **GRANTED** to the extent that the Court has fully considered plaintiff's objections to the Magistrate Judge's Report and Recommendation, and **DENIED** as to the merits of plaintiff's objections regarding discovery.

The Court hereby **MODIFIES** and **ADOPTS** the Report and Recommendation and Order of the Magistrate Judge (doc. no. 32) as follows:

(1) Defendant's renewed motion for summary judgment (doc. no. 28) is **GRANTED.**

(2) Plaintiff's motion for summary judgment (doc. no. 31) is **DENIED.**

(3) Plaintiff's motion to review the Magistrate Judge's order as to discovery sanctions and subpoena duces tecum (doc. no. 27) is **DENIED.**

The Court further **ORDERS** that plaintiff's motion for a temporary restraining order and plaintiff's motion for injunction (doc. nos. 38, 39) are **DENIED** as moot. Plaintiff's request for ruling (doc. no. 36) is **DENIED.**

Judgment is granted in favor of defendant, therefore, plaintiff's case is dismissed with prejudice.

The case is terminated on the docket of this Court.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION AND ORDER

STEINBERG, United States Magistrate Judge.

Plaintiff Joseph R. Pursifull brings this pro se action to quiet title against the United States of America alleging that the United States, through its agency the Internal Revenue Service (IRS) failed to follow the required assessment procedures for placing a federal tax levy on plaintiff's property. This matter is before the Court upon the United States' renewed motion for summary judgment and plaintiff's response (Docs. 28, 29), as well as plaintiff's motion for summary judgment. (Doc. 31). Also before the Court is plaintiff's motion for sanctions and subpoena duces tecum, the United States' response, and plaintiff's renewed motion for sanctions and subpoena duces tecum. (Docs. 25, 26, and 27).

## I. THE UNITED STATES' RENEWED MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

### A. Contentions Of The Parties

Plaintiff states that on or about October 11, 1990, the IRS filed a Notice of Levy on Wages, Salary, and Other Income (Notice of Levy) with plaintiff's employer. He alleges that the IRS failed to follow the correct statutory procedures to effect the assessment and subsequent levy. Specifically, he contends that the Summary Record of Assessments (Forms 23C) were not signed by an assessment officer as required. Plaintiff also apparently contends that the IRS failed to comply with the notice and demand requirements of 26 U.S.C. § 6212, 6303 and 6331. Plaintiff also contends that the Final Notice and Notice of Levy were incomplete.

The IRS contends that the Forms 23C were appropriately signed and do contain all the appropriate information when read in conjunction with related documents. The IRS contends that it properly complied with the notice and demand requirements and that the Final Notice and Notice of Levy contained all the required information.

The United States' original motion for summary judgment (Doc. 6) was denied on March 26, 1992 (Doc. 17) for the following reasons: 1) the IRS failed to produce the Forms 23C and/or Notice and Demands; 2) without further explanation, an April 1990 IRS Memorandum produced by Plaintiff raised a question as to the validity of the Forms 23C; and 3) the copy of the Notice of Levy was incomplete on its face.

### B. Law Applicable To Summary Judgment

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a

matter of law. Fed.R.Civ.P. 56; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion. In response to a summary judgment motion properly supported by evidence, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir.1989). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir.1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir.1989); *Frito–Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C.Cir.1988). The court should apply the federal directed verdict standard. *Street*, 886 F.2d at 1479. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

1. In its renewed motion, the IRS refers to the

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson* ). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## C. The United States Has Not Met Its Burden Regarding The Authenticity Of The Forms 23C

When the IRS determines there is a deficiency regarding a taxpayer's income tax, it may send the taxpayer a Notice of Deficiency. 26 U.S.C. § 6212. After a 90 day period, the IRS may then make an assessment. 26 U.S.C. § 6213. The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with the rules or regulations prescribed by the Secretary. 26 U.S.C. § 6203.

> The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide the identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment.... The date of the assessment is the date the summary record is signed by an assessment officer.

26 C.F.R. § 301.6203–1. Within 60 days of the assessment, the IRS must provide the taxpayer notice of the assessment via a Notice and Demand For Tax (Notice and Demand). 26 U.S.C. § 6303. After a 10 day period, the IRS may collect the tax by levy. 26 U.S.C. § 6331(a). Notice of the intended levy must be made no less than 30 days before the intended levy. This notice is termed a Final Notice of Intention to Levy (Final Notice)[1] and must set forth the levy procedures, appeal procedures, and certain other information. 26 U.S.C. § 6331(d)(1)(4). The IRS may then effect the levy by issuing a Notice of Levy on Wages, Salary, and Other Income (Notice of Levy).

Final Notice as IRS Letter 1058.

The Declaration of Carolyn McBerty, "the Lead Tax Examiner, data base administrator, for the Non–Master File Unit" at the IRS Cincinnati Service Center (Doc. 28), submitted by the IRS in support of their renewed motion, states that the Forms 23C comply with the statutes and regulations when read in conjunction with the Master File Transcripts and the Summary Records of Assessment (Forms 4340). Each Form 23C is referenced to a Master File Transcript by a specific document locator number. *Id.* at pg. 3. Also, each Master File Transcript is referenced to a Form 4340 by yet another document locator number. *Id.* It is the contention of the IRS that when read together, all three documents provide the identification of the taxpayer, the character of the liability assessed, the taxable period, and the amount of the assessment. The documentation is set up in this cumbersome fashion because the large volume of assessments that are processed daily "prohibits" the listing of more specific information for each taxpayer on the Form 23C. *Id.* The Form 23C is signed by an assessment officer on the date of the assessment. The regulation permits the Form 23C to provide the pertinent information through "supporting records." The fact that the signed Forms 23C in this case provide the total assessments for one given day rather than the individual assessments against plaintiff does not make the Forms 23C defective, because the Forms 4340 detail the assessments against plaintiff. *See Gentry v. United States,* 962 F.2d 555 (6th Cir.1992); *Gieselman v. United States,* 961 F.2d 1 (1st Cir. 1992); *Hinnant v. United States,* 90–2 USTC ¶ 50,373, 1990 WL 107533 (M.D.Pa.1990).

In his amended statement of narrative facts, plaintiff submitted an internal April 1990 IRS Memorandum which transmitted technical procedures to all service centers and district offices for control and correction of accounts related to unsigned Forms 23C. (Doc. 15, Exhibit 25). This memorandum appears to question the validity of the Forms 23C.

There is a difference between simply producing computer records and verifying the accuracy of the records. Computer records are open to error at stages of entry, storage, and retrieval of the data. Thus, the burden of presenting an adequate foundation for receiving computer records into evidence is on the party seeking to introduce such records. *United States v. Russo,* 480 F.2d 1228, 1241 (6th Cir.1973), *cert. denied,* 414 U.S. 1157, 94 S.Ct. 915, 39 L.Ed.2d 109 (1974). At the very least, plaintiff should be given the opportunity to cross examine the IRS representative regarding the validity of its computer records. This is especially true in view of the IRS's failure to adequately address the April 1990 IRS Memorandum submitted by plaintiff regarding the control and correction of accounts related to unsigned Forms 23C.

For these reasons, the United States is not entitled to summary judgment because it has not met its burden regarding the authenticity of the Forms 23C.

**D.  There Are Substantial Questions Of Material Fact Regarding The Various Notices Sent To Plaintiff**

Absent evidence to the contrary, the presumption of official regularity should control. *United States v. Dixon,* 672 F.Supp. 503 (M.D.Ala.1987) aff'd, 849 F.2d 1478 (11th Cir. 1988) citing *United States v. Chemical Foundation,* 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131 (1926); *United States v. Berman,* 825 F.2d 1053 (6th Cir.1987). From this general rule comes the presumption that certain notices were sent to a taxpayer as shown on a Form 4340 or other IRS record. *Gentry,* 962 F.2d at 557; *Gieselman,* 961 F.2d at 6. In this case, it appears as though two Final Notices were sent to plaintiff for each of the four assessments. (Doc. 28, Declaration of Casey at page 3). The presumption, however, should not be applicable when the taxpayer is placed in the difficult position of having to prove a negative, i.e., that a notice was not sent. *Hinnant v. United States,* 90–2 USTC ¶ 50,373, 1990 WL 107533 (M.D.Pa.1990); *McBride v. United States,* Civ. No. 86–0314, 1986 WL 15582 (D.N.J. June 20, 1986). The reasoning behind this exception to the presumption is that it would be particularly onerous to require the taxpayer to prove that the IRS had not sent a notice when such proof lies peculiarly within the capability of the IRS. *McBride,* 1986 WL 15582 at *3.

This is especially true in view of the purpose of the notice requirements, which are designed to protect the taxpayer. *Berman,* 825 F.2d at 1056.

On the other hand, the presumption should nevertheless prevail when the IRS can show that it has complied with all other requirements of the statutory scheme. *Hinnant v. United States,* 90–2 USTC ¶ 50,373, 1990 WL 107533 (M.D.Pa.1990); *McBride v. United States,* Civ. No. 86–0314, 1986 WL 15582 (D.N.J. June 20, 1986). In the present case, the IRS has not produced either actual copies or evidence of mailing of any Notice of Deficiency, Notice and Demand or Final Notice. The IRS states that it "does not generally retain a copy of the final notice sent to taxpayers in its files and, in fact, the final notices with respect to this plaintiff were not retained." (Doc. 28, Declaration of Casey at page 3). However, it has not produced any written evidence of such a policy. This raises the question whether the failure to retain a copy of the Final Notice violates IRS regulations or policies. It is not known what the practice of the IRS is regarding Notices of Deficiency and Notices and Demands. The *Berman* decision recognizes the importance of the taxpayer's day in court, concommitant with the notice and protection afforded in any civil action, when the summary collection process utilized by the IRS may have gone awry. Lastly, not only is there a question of fact as to which notices were sent by the IRS, there is also a question of fact as to which notices were received by plaintiff, since his allegations regarding ineffective notice are somewhat vague.

In its order denying the United States' original motion for summary judgment (Doc. 17), this Court questioned the completeness of the Notice of Levy which was sent to plaintiff's employer.[2] In an attempt to solve this problem, the IRS attached a copy of a blank Notice of Levy to their renewed motion. There still remains a question of fact as to the completeness of the Notice of Levy which was sent to plaintiff's employer in this case. As to the question of the completeness

of the Final Notice, the IRS alleges that Publication 586A, which includes the information required by 26 U.S.C. § 6331, accompanies the Final Demand. (Doc. 28, Declaration of Casey at page 4). There still remains a question of fact as to whether or not Publication 586 accompanied the Final Notices sent to plaintiff in this case.

For these reasons, the United States' renewed motion for summary judgment should be denied and a hearing held to determine whether the IRS has a written policy allowing it not to retain copies of notices sent to taxpayers, whether such a policy, if it exists, is appropriate under the statutes and regulations, whether the Notice of Levy sent to plaintiff's employer was complete, whether the Final Notice was accompanied by Publication 586, and to determine which notices were sent to and received by plaintiff.

Although he has the right to represent himself, plaintiff is urged to be represented at trial by counsel.

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

Plaintiff moves for summary judgment on numerous grounds, including allegations of improper notice and assessment procedures. For the reasons stated above, there are disputed questions of material fact in this case. Therefore, plaintiff's motion for summary judgment should be denied.

## III. PLAINTIFF'S MOTION FOR SANCTIONS AND SUBPOENA DUCES TECUM SHALL BE DENIED AND PLAINTIFF'S RENEWED MOTION FOR SANCTIONS AND SUBPOENA DUCES TECUM SHALL BE GRANTED IN PART AND DENIED IN PART

Plaintiff moved for sanctions and a subpoena duces tecum on the ground that the IRS had failed to respond to plaintiff's interrogatories. The United States did respond to the plaintiff's discovery request. Plaintiff's request for the issuance of a subpoena is proce-

---

**2.** It is the Final Notice and not the Notice of Levy, the former of which is sent to the taxpayer, that must advise the taxpayer of certain informa-

tion relative to the levy process. 26 U.S.C. § 6331.

durally incorrect and is also denied on that ground.

Plaintiff's renewed motion for sanctions and subpoena duces tecum alleges that the United States failed to fully and completely answer many of the interrogatories and shall be treated as a motion to compel by this Court. Recognizing that much of the discovery requested by plaintiff is irrelevant, the IRS is ORDERED to respond to plaintiff's discovery request as it relates to the following:

1) the April 1990 IRS Memorandum;

2) policies and regulations of the IRS supporting its practice not to retain copies of notices;

3) the content of the notices sent to plaintiff and plaintiff's employer.

The United States shall have thirty (30) days from the date of the entry of this order to file and serve its response.

It is therefore the **RECOMMENDATION** of this Court that:

1) the United States' renewed motion for summary judgment be DENIED;

2) plaintiff's motion for summary judgment be DENIED; and

3) a trial be scheduled.

It is hereby **ORDERED** that:

1) Plaintiff's motion for sanctions and subpoena duces tecum be DENIED; and

2) Plaintiff's renewed motion for sanctions and subpoena duces tecum be GRANTED IN PART and DENIED IN PART.

Date: 4–2–93