**IN RE ALTERNATIVE PUBLICATIONS, INC., Debtor.**

**Bankruptcy No. 2–92–05083.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Aug. 29, 1995.

Thomas I. Blackburn, Christiane Schmenk, Buckley, King & Bluso, Columbus, Ohio, for debtor.

Deborah Sanders, Assistant U.S. Attorney, Columbus, Ohio, for U.S.

*ORDER ON DEBTOR'S MOTION FOR ORDER AUTHORIZING DISTRIBU-TION OF PROCEEDS OF SALE OF ASSETS AND DEBTOR'S OBJEC-TION TO THE CLAIM OF THE IN-TERNAL REVENUE SERVICE*

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

The matters before the Court are Debtor's Motion for Order Authorizing Distribution of Proceeds of Sale of Assets, and the Opposi-tion thereto filed by the United States of America on behalf of the Internal Revenue Service; and Debtor's Objection to the Claim of the Internal Revenue Service. These mat-ters were previously set for hearing on sev-eral occasions, but the parties waived oral argument, and agreed to submit briefs and supplemental briefs on the relevant matters.

This Court is vested with jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. These matters are core pro-ceedings under 28 U.S.C. § 157(b)(2)(A) and (B).

I.  *Findings of Fact*

The parties submitted an "Agreed Stipula-tions of Fact" on December 28, 1994, which facts are hereby incorporated by this refer-ence. Unfortunately, the Agreed Stipula-tions of Fact did little more than note the dates that certain pleadings were filed, and cite "relevant statutes". The Stipulations of Fact is therefore of limited significance for the Court for determination of these matters. From reviewing the pleadings on file herein, the Court has, however, determined that only a few relevant facts are contested.

Debtor filed for relief under Chapter 11 of the Bankruptcy Code on July 8, 1992. The Internal Revenue Service ("IRS") filed a timely proof of claim on or about September 17, 1992, and an amendment thereto on or about March 18, 1994. Debtor determined that it would be unable to propose a viable plan of reorganization, and indicated that upon court authority for distribution of the proceeds from the sale of its assets, Debtor would proceed to dismiss this Chapter 11 case.

On May 2, 1994, the IRS filed its Objection to the Debtor's Motion for Order Authorizing Distribution of Proceeds of the Sale of Debt-or's Assets, asserting that the IRS has a secured interest in all property of the Debtor by virtue of Notices of Federal Tax Lien filed prior to the commencement of this case.

The IRS argued that the Motion to Distribute Proceeds to administrative claimants rather than to the IRS on its secured obligation was improper under the Bankruptcy Code, as well as under the Bankruptcy Court's order entered July 2, 1993, granting Debtor's Motion to Sell Assets, but stating that any liens or interests would attach to the proceeds of the sale.

In response to the objection filed by the IRS to the distribution of proceeds of sale of Debtor's assets, Debtor filed its objection to the secured claim of the IRS, arguing that the IRS did not follow the procedural steps necessary to perfect its lien against the Debtor's assets.

Debtor asserts that the IRS has the burden of proving that it followed the proper procedures to secure the lien against the Debtor's property, and that the IRS failed to provide evidence of compliance with such procedures. In addition, Debtor contends that the IRS failed to give proper notice of the relevant assessments to the principal shareholders of the Debtor, Philip Miller and Patricia Schmucki, the individuals purportedly responsible for any willful nonpayment of Debtor's withholding and social security taxes pursuant to 26 U.S.C. § 6672. Debtor asserts that the failure to give notice of the assessment to the corporate principals violated 26 U.S.C. § 6303, and rendered the IRS' security interest unperfected.

II. *Conclusions of Law*

    A. Whether The IRS Properly Assessed Debtor And Made Notice And Demand Upon Debtor As Required By 26 U.S.C. § 6303.

For the IRS to maintain a duly perfected security interest for its tax lien, it must have made a valid assessment of the tax obligation. The IRS makes an assessment of taxes by recording the tax liability in the office of the Internal Revenue Service. 26 U.S.C. § 6203. Assessment is accomplished by entering the following information on a Summary Record of Assessments: the identification of the taxpayer; the character of the liability assessed; the tax period; and the amount of the assessment. The date of

the assessment is the date the Summary Record is signed by an assessment officer. See Treasury Regulation § 301.6203–1. Within sixty (60) days after making an assessment of a tax, the IRS must give written notice to the taxpayer stating the amount of the tax, and demanding payment. 26 U.S.C. § 6303(a). If a taxpayer fails to pay a tax after demand, the tax and associated penalties and interest become a lien on all property of the Debtor. 26 U.S.C. § 6321. The lien under 26 U.S.C. § 6321 is a "secret lien" because it is unknown by anyone except the IRS and the taxpayer. The lien remains unperfected and unsecured, and is not valid under 26 U.S.C. § 6323 against any purchaser, holder of security interest, judgment lien holder, etc. until the lien is filed in accordance with 26 U.S.C. § 6323(f).

With respect to the procedures for properly assessing the tax, the Debtor essentially argues that the IRS did not prove that it followed the steps set forth in 26 U.S.C. § 6203 and the accompanying Treasury Regulation, and cannot satisfy its burden with respect to proving the validity of its secured claim. Under Bankruptcy Rule 3001(f), a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim. No argument has been presented that the IRS filed a defective proof of claim, and as such that filing and the amendment constitute *prima facie* evidence of the validity and amount of the claim. When filing an objection to a proof of claim, the objecting party has the burden of going forward with sufficient evidence to negate the *prima facie* validity of the filed claim, and to demonstrate facts sufficient to meet its initial burden of proof. *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991); *In re Allegheny International, Inc.*, 954 F.2d 167, 173 (3rd Cir.1992); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (9th Cir. BAP 1993). If sufficient evidence is produced to negate the validity of the claim, the ultimate burden of persuasion will be on the claimant to prove the validity of the claim. *Pugh*, 157 B.R. at 901; *Allegheny*, 954 F.2d at 174.

"Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made." *Gentry v. United States,* 962 F.2d 555, 557 (6th Cir.1992). Here, Debtor argues that the relevant Certificates of Assessments and Payments (Exhibit B to the brief of the IRS filed January 13, 1995) are procedurally defective inasmuch as the IRS has not provided adequate proof that they bear the signature of an assessment officer, or other employee authorized to make such certifications. Debtor also argues that the assessment was defective due to the failure of the IRS to provide notice and demand to the principals of the Debtor in light of their potential individual liability under 26 U.S.C. § 6672.

26 C.F.R. § 301.6203–1, entitled "Method of Assessment" provides as follows:

The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The date of the assessment is the date the summary record is signed by an assessment officer.

The IRS asserts that the Certificates of Assessment and Payments (Exhibit B to its brief) properly supplement the Summary Record of Assessments (Exhibit C to its brief), and provide the information required by 26 C.F.R. § 301.6203–1. While the information set forth in the Summary Record of Assessments is not self-explanatory, the IRS has asserted that those records were used in preparation of the Certificates of Assessments and Payments which clearly establish the IRS' secured claim, and provides the information necessary to support the IRS' lien. Debtor argues that the signature on the Certificates of Assessments and Payments is defective, and the IRS has not submitted proof that the signature is that of an assessment officer as called for in the regulations. The Court would initially note that C.F.R. § 301.6203–1 requires that an assessment officer sign *the summary record of assessment,* and that the summary record, *through supporting records,* provide certain types of information. There is no statutory requirement that the relevant supporting records also be signed by an assessment officer.

Certificates of Assessments and Payments are considered sufficient documentation to prove that the IRS followed necessary procedures in making assessments as required by statute. *Brewer v. United States,* 764 F.Supp. 309, 315 (S.D.N.Y.1991). Here, there is no dispute that an assessment officer signed the underlying Summary Record of Assessments. The actions of the IRS are therefore consistent with the procedures necessary to place a lien against Debtor's property. Certificates of Assessments and Payments are routinely used to prove that a tax assessment has been made. *Rocovich v. United States,* 933 F.2d 991, 994 (D.C.Cir. 1991); *United States v. Chila,* 871 F.2d 1015, 1018 (11th Cir.), *cert. den'd.* 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989).

In the absence of evidence to the contrary, Certificates of Assessments and Payments will generally be regarded as sufficient proof of the adequacy and propriety of notices and assessments that have been made. *Gentry,* 962 F.2d at 557. Here, as in *Gentry,* "both the certificate and the summary record were signed by IRS officers; as required by § 6203, the summary record was signed by an assessments officer." *Gentry,* 962 F.2d at 557. *See also Long v. United States,* 972 F.2d 1174, 1181 (10th Cir.1992) ("for purposes of granting summary judgment, Certificates of Assessments and Payments are sufficient evidence that an assessment was made as required by § 6203 and Treasury Reg. 301.6203–1"); *United States v. Dixon,* 672 F.Supp. 503, 505–06 (M.D.Ala. 1987) (Certificates of Assessments and Payments are presumptive proof of valid assessment absent evidence to the contrary), *aff'd.* 849 F.2d 1478 (11th Cir.1988). Debtor has failed to provide any evidence whatsoever to rebut the presumption as to the validity of the assessments made in light of the Certificates of Assessments and Payments filed by the IRS.

In reviewing Exhibit C to the IRS brief, the Court notes that each Summary Record of Assessments is signed by an assessment officer, and Debtor has not challenged this signature. While the Summary Records of Assessments are difficult to interpret, "the Regulations do not require the summary record to be of exacting specificity, as long as that record is backed by supporting documents providing adequate notice to the taxpayer." *Gentry*, 962 F.2d at 557. Here, as in *Gentry*, the IRS generated Certificates of Assessments and Payments that clearly identify the taxpayer by name and employer identification number, the character of the liability assessed, the taxable period, and the relevant amounts. As such, the Court finds that the Summary Records of Assessments (Exhibit C to the IRS brief), as supplemented by the Certificates of Assessments and Payments (Exhibit B to the IRS brief) satisfy the requirements of 26 C.F.R. § 301.6203–1.

The Certificates of Assessments and Payments were certified on behalf of John Ressler, Director of the IRS Cincinnati Service Center by B.S. Nadermann, identified by the IRS as the Section Chief of the Accounting Branch Section 3 Entity Control. The IRS asserted that Ms. Nadermann signed the Certificates of Assessments and Payments pursuant to delegation orders attached as Exhibits D and E to the IRS brief. From a review of the record as a whole, the Court concludes that the IRS has satisfied 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203–1 through the combination of the Summary Records of Assessments and Certificates of Assessments and Payments. "What is important in any case is that assessment is not automatic upon recordation; it requires the action of an assessment officer. That action, as defined explicitly in the Treasury Regulations, is the signing of the certificate." *Brafman v. United States*, 384 F.2d 863, 867 (5th Cir.1967). In *Brafman*, the Court held that a certificate of assessments was not signed as prescribed by the applicable treasury regulation, and resulted in the assessment of deficiency being declared invalid. The *Brafman* court noted the difference between authenticity of an assessment certificate, which is established by the seal of the Internal Revenue Service, and validity of an assessment, which is established by the Treasury Regulations. *Brafman*, 384 F.2d at 866. However, as set forth above, through the signatures of the relevant assessment officer on the summary record of assessments, and the signature of the section chief of the accounting branch, the IRS has established both the authenticity of the certificates and validity of the relevant assessments.

Debtor has provided absolutely no evidence to rebut the validity of the Certificates of Assessments and Payments. Debtor cites the cases of *Brewer, infra* and *Pursifull v. United States*, 849 F.Supp. 597, 599 (S.D.Ohio 1993) in challenging the Summary Records of Assessments and Certificates of Assessments and Payments. However, the Summary Record of Assessments in *Brewer* was unsigned. *Accord Brafman*, 384 F.2d at 865 (Assessment Certificate was not signed by an assessment officer *or by any other official*).[1] The court in *Pursifull* noted that the signature of an assessment officer "is critical to making a valid assessment of tax liability." *Pursifull*, 849 F.Supp. at 600.

■ An assessment officer in this case signed the Summary Records of Assessments, and an authorized officer of the IRS signed the Certificates of Assessments and Payments. As such, the assessment here is valid. Debtor accurately notes that the court in *Pursifull* was concerned with whether the taxpayer had been presented with sufficient information to determine the validity of IRS records. From a review of all records presented by the IRS, the Court finds that the Debtor here was provided sufficient information by the IRS. The Court is therefore not persuaded by Debtor's argument concerning the authority of Ms. Nadermann to sign the

---

1. The reference made by the *Brafman* court to "any other official" signing the Assessment Certificate implies that an assessment certificate signed by an IRS officer other than an assessment officer may still be valid. In fact, the Court would find it hard to accept an argument that only an IRS officer with the *title* of assessment officer would have authority to sign Summary Records of Assessments, or Certificates of Assessments and Payments. Officers with different titles could still have the authority to act in the capacity of an assessment officer.

Certificates of Assessments and Payments, especially when there has been no challenge to the assessment officer that signed the Summary Records of Assessments. While the Court believes that the individuals signing the Certificates of Assessments and Payments should be authorized officers of the IRS, with a position of no less authority than an assessment officer, the Court has no reason to doubt that Ms. Nadermann meets that standard, and Debtor has provided no evidence to the contrary. All necessary information has been set forth in the Summary Records as supplemented by the Certificates of Assessments and Payments, and the Court therefore finds that the IRS has complied with 26 U.S.C. § 6303, and that the assessment made against Debtor is valid.

B. Whether 26 U.S.C. § 6303 Requires The IRS To Provide Notice Of Corporate Assessment To Corporate Principals.

Debtor argues that the IRS did not serve notice and demand for payment of Debtor's taxes on Philip Miller and Patricia Schmucki, Debtor's principals, and such a failure violated 26 U.S.C. § 6303. Based thereon, Debtor argues that the IRS tax liens against Debtor are not valid.

26 U.S.C. § 6672 states, in part, as follows:

(a) General rule. Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable *to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.* (Emphasis added).

26 U.S.C. § 6303 provides, in relevant part, as follows:

(a) General rule. Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice *to each person liable for the unpaid tax,* stating the amount and demanding payment thereof. (Emphasis added).

Debtor argues that the phrase "each person liable for the unpaid tax" requires that notice of the assessment be sent to the Debtor, against whom the assessment has been made, and also to the Debtor's principals due to their potential liability under 26 U.S.C. § 6672.

Liability under 26 U.S.C. § 6672 requires that the liable party was a person responsible for the collection, truthful accounting, and paying over of employment taxes; and that the liable party willfully failed to pay over the trust funds. *Reph v. United States,* 615 F.Supp. 1236, 1241 (N.D.Ohio 1985). The Court agrees with the IRS that responsible persons are liable under § 6672 *for a penalty* equal to the amount of tax which should have been collected and paid. However, responsible persons are not liable under 26 U.S.C. § 6303 for unpaid corporate taxes. While the penalty under § 6672 is "equal to the total amount of the tax evaded or not collected or not accounted for and paid over", the Court believes that "the liability of the employer is separate and distinct from that of the responsible person ..." *Reph,* 615 F.Supp. at 1241, 1242.

The IRS notes that the assessment of payroll taxes against an employer is an immediate obligation, however, liability under § 6672 is not established until an individual is determined to be a responsible person who has willfully failed to collect and/or pay the tax obligation. Under Rev.Pro. 84–78, § 4, 1984–2 C.B. 754, an individual determined to be a "responsible person" under § 6672 has an opportunity to challenge such allegations. Only upon a showing that the individual was responsible for collecting and paying over the employment taxes, but has willfully failed to do so, will liability attach under § 6672. *Reph,* 615 F.Supp. at 1241.

The IRS argues that Miller and Schmucki's liability under § 6672 was not created until Debtor failed to pay the taxes for which it received notice and demand for payment under § 6303. Further, the IRS states that it did not conclude its investigation as to whether Miller and Schmucki were responsible parties under § 6672 until July 1992, well after the date the notices and demands for payment were sent to Debtor.

The Court finds nothing in the statutes requiring the IRS to make a determination of "responsible person" status under 26 U.S.C. § 6672 prior to sending notice and demand for payment to the corporate debtor under 26 U.S.C. § 6303. *See Ronsberg v. U.S.*, 798 F.Supp. 582, 583–84 (D.N.D.1992) (Responsible person liability is not created until the employer has failed to pay the tax in question, even though the liability of both the responsible person and the employer arose out of the same tax obligation). The immediate nature of an employer's liability for payroll taxes distinguishes that obligation from liability for a penalty under 26 U.S.C. § 6672.

The ruling in *United States v. Jersey Shore State Bank*, 781 F.2d 974 (3rd Cir. 1986), *aff'd*. 479 U.S. 442, 107 S.Ct. 782, 93 L.Ed.2d 800 (1987) further supports the position of the IRS. In *Jersey Shore*, the United States brought an action against Jersey Shore State Bank pursuant to 26 U.S.C. § 3505 which imposes liability on lenders, sureties, and other third parties who either (1) pay wages directly to employees of another employer; or (2) supply funds to an employer for the specific purpose of paying wages of the employees, with actual knowledge that the employer will not make timely payment or deposit of taxes required to be deducted and withheld by the employer. *Jersey Shore*, 781 F.2d at 976. Jersey Shore State Bank was found to have paid wages directly to employees of Pennmount Industries, Inc., and supplied funds to Pennmount for the specific purpose of paying wages with actual notice and knowledge that Pennmount did not intend to, or would not be able to make timely payments or deposits of federal taxes required to be deducted and withheld. *Jersey Shore*, 781 F.2d at 975.

Jersey Shore argued that the phrase "each person liable for the unpaid tax" set forth in 26 U.S.C. § 6303 required that notice of the assessment against Pennmount be sent not only to the corporate taxpayer, against whom the assessment was made, but to every third party who might be liable for the tax, including Jersey Shore pursuant to its liability under § 3505. *Jersey Shore*, 781 F.2d at

977. The Third Circuit rejected Jersey Shore's argument, noting that "a section 6303(a) notice consists of two discrete elements: (i) notice of the amount that has been assessed and (ii) a demand that the individual receiving the notice presently satisfy that assessment." *Jersey Shore*, 781 F.2d at 978. In contrast, providing the § 6303 notice to potentially liable third parties would serve a different purpose than demanding payment from the third party receiving the notice. Such a notice would not even indicate the likelihood that the government would look to that third party for payment, but would only "fortuitously reflect the third party's potential liability, given both the differences between the taxes for which the employer and third party are liable and the limitations on liability contained within section 3505 itself." *Jersey Shore*, 781 F.2d at 978.

■ This Court concurs with the reasoning of the Third Circuit that "section 6303(a) requires notice only to those individuals against whom the taxes have been assessed." *Jersey Shore*, 781 F.2d at 978. Any other ruling would place an unreasonable burden on the government. "First, given the number of returns involved, the government cannot be expected to initiate an investigation each time a taxpayer files a return but fails to pay his full tax liability ... Second, even assuming that the resources were available, an immediate full-scale investigation in all cases involving delinquent tax payments would constitute a significant waste of government resources." *Jersey Shore*, 781 F.2d at 983.

Debtor attempts to distinguish *Jersey Shore* on the basis that the case did not involve a small closely held corporation, as exists here.[2] While that fact may be true, and while *Jersey Shore* involved liability under 26 U.S.C. § 3505 as opposed to under 26 U.S.C. § 6672, the reasoning set forth therein is directly on point. It would be unreasonable to require the IRS to create new notice standards based on whether a taxpayer is a closely-held corporation, or a publicly-traded corporation. Debtor attempts to impose a new procedural requirement on the IRS, and

---

2. The Court would be inclined to find that Miller and Schmucki knew of their potential § 6672 liability based on their positions with this small, closely held corporation. Debtor's argument is clearly one of form over substance. The Court need not reach the question of the effect of the actual knowledge of potential § 6672 liability under these circumstances.

require the IRS to determine, with no statutory guidance, whether a corporation is "small enough" to require notice to the potentially liable responsible persons at the time a demand is made against the corporation. Debtor cites no authority for this requirement, and the Court finds no basis for its imposition. As stated by the court in *Jersey Shore,* a § 6303 notice includes a demand for payment on the taxpayer receiving the notice. To require such notice to be sent to persons potentially subject to liability under § 6672 would not appropriately constitute a demand of the type envisioned by § 6303. Debtor has not, and cannot distinguish the analysis set forth in *Jersey Shore,* and the Court finds that analysis to be persuasive.

Having found that the IRS complied with the requirements of 26 U.S.C. § 6303, it is hereby

ORDERED THAT Debtor's Motion to Distribute Proceeds of Sale of Assets is DENIED; and it is further

ORDERED THAT Debtor's Objection to the Claim of the Internal Revenue Service is OVERRULED.

IT IS SO ORDERED.